# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

NATHAN HAYNES SCOTT

VERSUS

ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS aka ARCHDIOCESE OF NEW ORLEANS aka SOCIETY OF THE ROMAN CATHOLIC DIOCESE OF NEW ORLEANS aka OBLATES OF MARY IMMACULATE aka INTERNATIONAL SHRINE OF ST. JUDE aka ST. JUDE CHURCH aka OUR LADY OF GUADALUPE aka NEW ORLEANS CATHOLIC CEMETERIES, JARED E MUNSTER, Individually and in his official capacity as Director of the Department of Safety and Permits for the City of New Orleans, KAREN M THIBODEAUX, Individually and her official capacity as Director of the City of New Orleans Taxicab and For Hire Bureau, WESLEY PFEIFFER, Individually and in his official capacity as Director of the City of New Orleans Taxicab and For Hire Bureau, WILTON JOINER, Individually and in his official capacity as Investigator for City of New Orleans Taxicab and For Hire Bureau RONNIE BLAKE, Individually and in his official capacity as Investigator for City of New Orleans Taxicab and For Hire Bureau, TERRENCE WIMBERLY, SR Individually and in his official capacity as Investigator for City of New Orleans Taxicab and For Hire Bureau, MURIEL LANG, ASHLEY LANG, JENNIFER VALLAS, DENISE AUGUSTINE, FR. ANTHONY (TONY) RIGOLI TOURS ON DEMAND, TOURS ETC., DARK CRESCENT TOURS, CREOLE, OUR SECRET STORIES, SHERRI PEPPO, CAROL FASCIO, JOHN RICHEY, et al.

## COMPLAINT

**NOW INTO COURT,** Pro se comes Nathan Haynes Scott, who files this Complaint against the above-named defendants, respectfully representing upon information and belief as follows:

## JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988. Jurisdiction is founded on 28 U.S.C. §§ 1331 and 1343, and the Fourteenth Amendment to the Constitution of the United States. Plaintiff also invokes supplemental jurisdiction over claims under state constitution and statutory law.

## 2. PARTIES

### 1. PLAINTIFF:

**NATHAN HAYNES SCOTT** is a person of full age of majority and a citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

### 2. DEFENDANTS:

Made Defendants herein are:

A. **ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS aka ARCHDIOCESE OF NEW ORLEANS aka SOCIETY OF THE ROMAN CATHOLIC DIOCESE OF NEW ORLEANS aka OBLATES OF MARY IMMACULATE aka INTERNATIONAL SHRINE OF ST. JUDE aka ST. JUDE CHURCH aka OUR LADY OF GUADALUPE aka NEW ORLEANS CATHOLIC CEMETERIES,** a corporation licensed to do and doing business in the Parish of Orleans, State of Louisiana.

B. **JARED MUNSTER,** Individually and in his official capacity as Director of the Department of Safety and Permits for the City of New Orleans, is a person of full age of majority and a citizen of the state of Louisiana and domiciled in the Eastern District of Louisiana, who is subject to the jurisdiction of this Court and can be served at 1300 Perdido Street, 7th Floor, New Orleans, Louisiana.

C. **KAREN M THIBODEAUX,** Individually and in her official capacity as the Director of the City of New Orleans Taxicab and For Hire Bureau, is a person of full age of majority and a citizen of the State Louisiana and domiciled in the Eastern District of Louisiana, who is subject to the jurisdiction of this Court and can be served at 1300 Perdido Street, 7th Floor, New Orleans, Louisiana

D. **WESLEY PFEIFFER,** Individually and in his official capacity as the Director of the City of New Orleans Taxicab and For Hire Bureau, is a person of full age of majority and a citizen of the State Louisiana and domiciled in the Eastern District of Louisiana, who is subject to the jurisdiction of this Court and can be served at 1300 Perdido Street, 7th Floor, New Orleans, Louisiana.

E. **RONNNIE BLAKE,** Individually and in his capacity as Investigator for the City of New Orleans Taxicab and For Hire Bureau, is a person of full age of majority and a citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana, who is subject to the jurisdiction of this Court and can be served at 1300 Perdido Street, 7th Floor, New Orleans, Louisiana.

F. **WILTON JOINER,** Individually and in his capacity as Investigator for the City of New Orleans Taxicab and For Hire Bureau, is a person of full age of majority and a citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana, who is subject to the jurisdiction of this Court and can be served at 1300 Perdido Street, 7th Floor, New Orleans, Louisiana.

G. **TERRACE WIMBERLY,** Individually and in his official capacity as Investigator for the City of New Orleans Taxicab and For Hire Bureau, is a person of full age of majority and a citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana, who is subject to the jurisdiction of this Court and can be served at 1300 Perdido Street, 7th Floor, New Orleans, Louisiana.

H. **MURIEL LANG,** is a person of full age of majority and a citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

I. **ASHLEY LANG,** is a person of full age of majority and a citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

J. **JENNIFER VALLAS,** is a person of full age of majority and a citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

K. **DENISE AUGUSTINE,** is a person of full age of majority and a citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

L. **CHRIS JOHNSTON,** is a person of full age of majority and a citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

M. **FR. ANTHONY (TONY) RIGOLI,** is a person of full age of majority and a citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

N. **TOURS ON DEMAND,** a corporation licensed to do and doing business in the Parish of Orleans, State of Louisiana.

O. **TOURS ETC.,** a corporation licensed to do and doing business in the Parish of Orleans, State of Louisiana.

P. **DARK CRESCENT TOURS,** a corporation licensed to do and doing business in the Parish of Orleans, State of Louisiana.

Q. **CREOLE SASSY,** a corporation licensed to do and doing business in the Parish of Orleans, State of Louisiana.

R. **OUR SECRET STORIES,** a corporation licensed to do and doing business in the Parish of Orleans, State of Louisiana.

S. **SHERRI PEPPO,** is a person of full age of majority and a citizen of the State of Louisiana ad domiciled in the Eastern District of Louisiana.

T. **CAROL FASCIO,** is a person of full age of majority and a citizen of the State of Louisiana ad domiciled in the Eastern District of Louisiana.

U. **JOHN RICHEY,** is a person of full age of majority and a citizen of the State of Louisiana ad domiciled in the Eastern District of Louisiana.

All insures of the named and un-named defendants, whose identities are not yet known, co-conspirators, subcontractors, and others who had ay participation in the negligence, negligent supervision of an employee, libel defamation, infliction of emotional distress, financial distress and loss of reputation by the named defendants an alleged in detail hereinafter, whose exact identity is unknown at present but who will be formally named as defendants when their identities are discovered.

3.

Jurisdiction is proper in this court as the amount in controversy is within this court's jurisdictional limit.

4.

Venue is proper in this District Court as the defendants reside in this venue conduct business in this venue, and the acts and omissions complained of herein occurred in Orleans Parish.

5.

Defendants are liable unto Petitioner, jointly, severally, and in solido, for reasonable damages, for the following reasons to wit:

6.

All defendants have, either individually or through other defendants or in representative capacity were negligent and/or their employees were negligent, made defamatory statements regarding plaintiff, and have either recklessly and maliciously communicated and published these defamatory statements to each other and to third parties, which defamatory statements were known to be false and were made either negligently, with reckless regard, or with malicious intent, and which communications caused harm to the reputation of the plaintiff and cause him to suffer damages. It is known that the Tour Operators claiming to work for the Archdiocese of New Orleans, continued to publish defamatory ad defamatory statements and if so each should be permanently enjoined from doing so and ordered to formally and effectively retract all defamatory statements and other defamatory statements that have been published thus far.

7.

Plaintiff is informed and believes, and on the basis of that information and belief alleges, that each of those defendants was in some manner negligently and proximately responsible for the events and happenings alleged in this complaint and for plaintiff's injuries and damages.

8.

Plaintiff is informed and believes, and on the basis of that information and belief alleges, that all times mentioned in this complaint, defendants were the agents and employees and/or under the authority of their codefendants and, in doing the things alleged in this complaint were acting within the course and scope of that agency and employment.

## COMPLAINT

3. **FACTUAL ALLEGATIONS:**

On July 3rd, 2016, Nathan Haynes Scott "Nu'Awlons Nate Scott" was a tour guide working for Island of Algiers Tours, LLC. Nate was licensed and held permits from the City of New Orleans and the New Orleans Archdiocese Cemeteries to guide groups of tourists on tours of the City of New Orleans including the Historic French Quarter of New Orleans and St. Louis Cemetery #1.

9.

At all times pertinent, Jared Munster was the Director of the Department of Safety and Permits for the City of New Orleans, and as such he was responsible for the hiring, training, supervision, discipline and control of the staff of the Department of Safety and Permits, which

includes the City of New Orleans Taxicab and For Hire Bureau. Munster was responsible for the supervision, administration, policies, practices, customs and operations of the Department of Safety and Permits including the City of New Orleans Taxicab and For Hire Bureau. Munster was also responsible for holders of license and/or permits issued by the Department of Safety and Permits including the City of New Orleans Taxicab and For Hire Bureau for compliance with municipal codes and ordinances.

10.

At all times pertinent, Karen M Thibodeaux was the Director of the City of New Orleans Taxicab and For Hire Bureau, and as such was responsible for hiring, training supervision, discipline and control of the staff, including all investigators, for the City of New Orleans Taxicab and For Hire Bureau. Thibodeaux was responsible for the supervision, administration, policies, practices, customs and operations of the City of New Orleans Taxicab and For Hire Bureau.

11.

At all times pertinent, Ronnie Blake was employed by Munster as an investigator or the City of New Orleans Taxicab and For Hire Bureau.

12.

At all times pertinent, Wilton Joiner was employed by Munster as an investigator or the City of New Orleans Taxicab and For Hire Bureau.

13.

At all times pertinent, Terrance Wimberly was employed by Munster as an investigator or the City of New Orleans Taxicab and For Hire Bureau.

14.

At all times pertinent, Muriel Lang was a tour guide and owned Tour on Demand, Tours Etc. and was employed others.

15.

At all times pertinent, Ashley Lang was a tour guide employed by Tour on Demand, Tours Etc. and others.

16.

At all times pertinent, Jennifer Vallas was a tour guide Dark Crescent Tours and was employed by others.

17.

At all times pertinent, Denise Augustine was a tour guide employed by Tour on Demand, Tours Etc. and others.

18.

At all times pertinent, Chris Johnston was not a tour guide.

19.

At all times pertinent, Fr. Anthony (Tony) Rigoli, is a person of full age of majority and a citizen of the State of Louisiana and domiciled in the Eastern District of Louisiana.

20.

At all times pertinent, Tours on Demand, is a corporation licensed to do and is doing business in the Parish of Orleans, State of Louisiana.

21.

At all times pertinent, Tours Etc. is a corporation licensed to do and is doing business in the Parish of Orleans, State of Louisiana.

22.

At times pertinent, Dark Crescent is a corporation licensed to do and is doing business in the Parish of Orleans, State of Louisiana.

23.

At all times pertinent Creole Sassy is a corporation licensed to do and is doing business in the Parish of Orleans, State of Louisiana.

24.

At all times pertinent, Our Secret Stories is a corporation licensed to do and is doing business in the Parish of Orleans, State of Louisiana.

24.

At all times pertinent, Sherri Peppo is the Executive Director New Orleans Catholic Cemeteries.

26.

At all times pertinent, Carol Fascio is the Executive Assistant New Orleans Catholic Cemeteries.

27.

At all times pertinent, John Richey is a cemetery caretaker at St. Louis Cemetery No.1 for the Archdiocese of New Orleans Cemeteries.

At approximately 10:45 A. M., Nate (61 years of age) exited St. Louis Cemetery #1 after finishing a tour. A lady walked up to him and said, "Your shirt says Tour Guide. Can you take us into the cemetery?" Before Scott could see who the "us" were, he was approached by Mr. Chris Johnston (23 years of age) who was not a tour guide. By his own admission (and the admission of Ms. Jennifer Vallas of Dark Crescent Tours, on NOPD officer videocam), Johnston was an employee of Ms. Vallas. Johnston pointed to Scott telling the lady, "You don't want to deal with him. He's not supposed to be out here". Then, Scott said to the lady, "Neither of us are supposed to be soliciting. And, if you want to get out of the middle of this you can go and book a tour right behind you in the yellow building (Basin Street Station)". The ladies started backing up in that direction. As they started walking, Scott turned and started walking behind them. This is when Johnston started yelling at Scott, threatening him saying, "Haven't I told you, when I'm talking to people, to shut the fuck up?! I'm gonna beat your fuckin ass!" He kept threatening Scott, telling him what he was going to do to him. Johnston told Scott, "Old man, you keep fucking with me getting in my face. I'm gonna beat your fucking ass. You say one more thing senile ass old man!" Scott told Johnston, "You're not going to touch me!" Then, Johnston charged at Scott swinging yelling, "Old man, didn't I tell you don't say nothing around me when I'm talking to tourist!!!" Johnston threw a punch at Scott and Scott blocked it with his shoulder bag. Scott swung back hitting Johnston. Scott started backing up really fast but, Johnston continued charging at Scott. Johnston was cursing, calling Scott dirty names. Johnston got close on Scott trying to hit him. Scott defended himself by using his walking cane to keep Johnston off of himself. The cane broke as Scott fought off Johnston's attack. When the cane broke, Johnston stopped charging at Scott. Johnston looked at the broken half of the walking cane on the ground. He headed towards the cane to pick it up. Scott realized that Johnston was trying to get to the cane to use against him. So, Scott shoved Johnston away from the cane, picked it up and held it WITHOUT USING IT AGAINST JOHNSTON. Then, Johnston said, "We got your black ass on video I'm calling the cops". Scott picked up his personals that had been knocked out of his bag and headed towards the Basin Street Station in search of the ladies (tourist) that he sent over there and who were eye witnesses of Johnston's threats that provoked their physical confrontation. Somehow, the ladies were nowhere to be found. As Scott exited the building he noticed several police officers walking in the area. Since Johnston said that he was "calling the cops", Scott thought that the police officers were

looking for him. So, he went over to the officers and identified himself as the person that had the altercation with Johnston.

28.

The NOPD Officers must not have perceived Mr. Scott as a threat to them, himself, nor anyone else because, they (the NOPD Officers and Nu'Awlons Nate) walked across Basin Street (a 4 lane thoroughfare) to the NOPD's 1st District Station without any restraints. They stood on the side of NOPD's 1st District Station building as Mr. Scott gave his statement. After Mr. Scott gave his statement to the NOPD Officer, he was handcuffed and escorted into the building without being informed of his "Miranda Rights".

29.

For at least four years prior to the altercation, Scott began making reports and placing phone calls to the City of New Orleans Taxicab and For Hire Bureau, Archdiocese of New Orleans and, NOPD detailing incidents of abuse and harassment by Taxicab and For Hire Bureau Investigators, other tour companies, buggy drivers, and other tour guides. Reports included but are not limited to:

- 2013 Investigator Blake approaching Scott in a parking lot near the Algiers Ferry. Investigator Blake accused Scott of "hustling tours". Investigator was verbally abusive toward Scott, cursing him and calling him a, "stupid nigger".
- 2013 Investigator Blake was engaged in an argument with a taxicab driver near the corner of Charter & Bienville Streets. Traffic congestion caused traffic to move slowly. Investigator Blake noticed Scott driving in the slow moving traffic and yelled at him, "You better get your ass out of here before I give you a ticket, too".
- 2013 Investigator Joiner endangering Scott's (as well as his own) life. Investigator Joiner and Scott were driving on the CCC Bridge at the same time when Investigator Joiner spotted Scott and began blowing his horn, wildly waving his hand, and driving recklessly in an effort to catch up with Scott's vehicle. When Investigator Joiner did get alongside Scott's vehicle exiting the Camp Street ramp he yelled to Scott, "Get that thing off the street" referring to Scott's vehicle that on the sides said "Island of Algiers".
- 2013 Investigator Joiner confronted Scott in front of Brennan's on Royal Street as Scott exited his private vehicle (Scott's wife was dropping him off for work). Scott's vehicle no longer displayed the word "Tours" nor a commercial license plate. Scott relinquished his

9

CPNC in a meeting including, Munster, Ms. Yolanda Brownfield, Administrator, City of New Orleans Office of Safety and Permits in November of 2012. Investigator Joiner rushed over to Scott yelling, verbally abusive, threatening to have Scott's vehicle towed if he didn't "get if off the street!" Scott pointed out to Investigator Joiner that his vehicle no longer bore the word "Tours" nor a commercial license plate. However, Investigator continued with his verbal abuse and threats for several minutes before he left. This incident was witnessed by street vendor operating an "Anti-Obama" kiosk, Scott's new employer, Scott's wife and at least 30-50 tourist that were standing on Royal watching Investigator Joiner display inappropriate, disrespectful behavior toward Scott.

- On or about July 8, 2016, Scott called the Taxicab Bureau and complained about tour guides soliciting. On July 9, 2016 Scott received a follow-up phone call from Ms. Yolanda Brownfield with the Taxicab Bureau.

- June 22, 2016  Scott called the City of New Orleans Taxicab and For Hire Bureau, Spoke with Tiffany lodging a phone complaint against Muriel Lang, Ashley Lang, Jennifer Vallas, Denise Augustine, Mary Travelers and Chris Johnston for illegal and unethical practices.

- In May 2016, another tour guide reported to Sherri Peppo of the Archdiocese of New Orleans that Chris Johnston (non-licensed employee of a tour guide company) was soliciting tourist in front of St. Louis Cemetery #1. This is also a blatant violation of M.C.S., Ord. No. 21187, § 2, 7-17-03 ARTICLE XXI. - TOUR GUIDES AND TOUR PLANNERS (*Sec. 30-1489) (4). Walking tour guide rules and regulations.* In a Facebook post dated May 20, 2016, Johnston admitted to the illegal activity stating, "I'm kinda like a pimp... Just instead of hookers... I sell tour guides. Regardless... You're still paying for a good time." And yet this illegal activity continued.

- On or about November 22, 2016 – Plaintiff reported to OIPM (Office of Independent Police Monitor) threats by Muriel and Ashley Lang (tour guides) to encourage a close relative who happens to be a NOPD Officer to engage in their dispute on her behalf.

- On or about June 25, 2016 – OIPM (Office of Independent Police Monitor) Complaint # CC2016-0041 was filed by plaintiff reporting *"NOPD Officer failed to make a written report when he called the police to report threats, and other misconduct against him by other tour guides, hustlers (including Chris Johnston), 4 tour guides, 2 mule watchers and a cemetery caretaker employed by Archdiocese of New Orleans).* Plaintiff was issued a

letter of response stating, "The IPM recommends that this complaint be classified as DI-1."

- On or about November 11, 2015 Ashley Lang and Jennifer told Scott that as of March 1st, 2016 he would have to do his tours from the Voodoo Museum. They told him that that message was "per the Archdiocese". On or about November 26, 2015 Fr. Tony at Our Lady of Guadaloupe Church and call Scott and left a voice mail saying he did not know what Lang and Vallas was talking about. Fr. Tony stated, "That's not true. I don't know where they got that from."

- On or about July 27, 2016 – OIPM (Office of Independent Police Monitor) Complaint # CC2016-0038 was filed by plaintiff reporting *"NOPD front desk Officer disregarding claims of being threatened and possible violation of Rule 4: paragraph 1, Neglect of Duty C-4 failing to make a written report when such is indicated has been completed."* Plaintiff was issued a letter of response stating, "Based on the information you provided to the Public Integrity Bureau, along with all pertinent documentation, the investigation was unable to determine, by preponderance of the evidence whether the alleged misconduct occurred; therefor the findings of the allegation is Not Sustained. This case is not closed."

- Muriel Lang, Ashley Lang, Jennifer Vallas and other tour guides were allow to register written complaints against Plaintiff based on false, unsubstantiated allegations.

- On May 27, 2016, Plaintiff's Tour Guide Permit was seized by Investigator Wimberly without "Due Process of Law".

- On June 27, 2016 an email was sent to Karen M Thibodeaux, Director of the City of New Orleans Taxicab and For Hire Bureau by Mr. Freddie King III, Director of Constituent Services Office of Nadine M. Ramsey on behalf of Plaintiff. Mr. King reported Plaintiff's complaints regarding Tours Etc. and Dark Crescent Tours using "bully tactics" to discourage visitors from using Plaintiff's tour services. To Plaintiff's knowledge, this email generated on Plaintiff's behalf by New Orleans City Council Woman Nadine Ramsey's office was ignored and never addressed.

30.

These and other acts of the aforementioned defendants against Scott are examples of a pattern and/or practice of negligence, unnecessary excessive and abusive misuse of authority used by the City of New Orleans Taxicab and For Hire Bureau its investigators and those under its

11

authority and jurisdiction, NOPD and Archdiocese of New Orleans. Before, during and after these offenses against Scott, numerous other individuals have reported similar offenses and received similar results.

## DEMAND

31.

The above described policies and customs demonstrated deliberate indifference on the part of the policy makers, Munster and/or Sherri Peppo (representing the Archdiocese of New Orleans) and other named defendants, to the constitutional rights of persons regulated by the City of New Orleans Taxicab and For Hire Bureau, Archdiocese of New Orleans and others, and to the plaintiff, Scott, in this case. This deliberate indifference was a cause of the violation of Scott's rights alleged herein.

32.

Defendants are liable to the plaintiff for damages as a result of their failure to properly supervise staff, operations and those that fall under their jurisdiction.

33.

By their failure to properly supervise, their staff, operations and those that fall under their jurisdiction, Munster, Peppo and others condoned, ratified and encouraged excessive abuse of authority and blatant non-compliance with Municipal Codes and Ordinances against Scott. These actions and/or failures on the part of Munster, Peppo and others constitute gross negligence in supervising subordinates and show a deliberate indifference toward the constitutional rights of Scott in this case.

34.

All defendants are liable jointly, severally and in solido for Scott's mental, physical, emotional, and financial decline caused by defendants' intentional and/or negligent acts.

35.

The defendants' actions were reckless willful, wanton and/or malicious.

36.

Defendants, individually and collectively, had the duty and ability to intervene to prevent the violations of the rights of Scott described herein, but failed to do so.

## CAUSES OF ACTION
## CONSTITUTIONAL VIOLATIONS

37.

The above described policies and/or customs of Munster, Peppo, NOPD and other defendants show deliberate indifference to Scott's constitutional rights and directly contributed to the violations of Scott's rights alleged in this Complaint. Munster, Peppo and NOPD were made aware of the prior instances of misconduct, but nevertheless seemed to have ignored them. Munster, Peppo and NOPD are continuously being made aware of the culture of violence, verbal abuse, physical abuse, excessive force, bullying, non-compliance and deception that persist with investigators and tour guides within the City of New Orleans Taxicab and For Hire Bureau and, have exhibited deliberate indifference to it, resulting in the illness to Scott in this case. Munster, Peppo, NOPD are liable to Scott for the constitutional violations that Scott suffered at the hands of those under their authority and jurisdiction.

## DAMAGES

38.

As a result of the above-described violations, Scott suffered and continues to suffer mental, emotional pain and suffering presenting as physical decline, anguish and distress, embarrassment, and humiliation.

39.

Scott is entitled to past medical expenses, future medical expenses, past lost wages, future loss of earning capacity, past and future pain and suffering past and future mental and emotional anguish past and future loss of enjoyment of life, as well as other damages that will be determined at the trial of this matter.

40.

In addition to recovering damages, Scott seeks reasonable past and future attorney's fees in accordance with 42 U.S.C. § 1988, plus judicial interest and for the defendants to bear all costs of these proceedings.

41.

Further, defendants are liable to Scott for punitive damages.

Plaintiff requests trial by jury.

42.

Wherefore, Nathan Haynes Scott, prays that the defendants be duly cited and served copies of the above and foregoing, and made to timely appear and answer, that the Court exercise its supplemental jurisdiction over the state law claims and after due proceedings there be a judgment in his favor and against defendants:

ROMAN CATHOLIC CHURCH OF THE ARCHDIOCESE OF NEW ORLEANS aka ARCHDIOCESE OF NEW ORLEANS aka SOCIETY OF THE ROMAN CATHOLIC DIOCESE OF NEW ORLEANS aka OBLATES OF MARY IMMACULATE aka INTERNATIONAL SHRINE OF ST. JUDE aka ST. JUDE CHURCH aka OUR LADY OF GUADALUPE aka NEW ORLEANS CATHOLIC CEMETERIES, JARED E MUNSTER, KAREN M THIBODEAUX, WESLEY PFEIFFER, WILTON JOINER, RONNIE BLAKE, TERRENCE WIMBERLY, SR MURIEL LANG, ASHLEY LANG, JENNIFER VALLAS, DENISE AUGUSTINE, FR. ANTHONY (TONY) RIGOLI TOURS ON DEMAND, TOURS ETC., DARK CRESCENT TOURS, CREOLE, OUR SECRET STORIES, SHERRI PEPPO, CAROL FASCIO, JOHN RICHEY, et al

43

Individually and in their official capacities, holding them liable jointly, severally and in solido for all compensatory and punitive damages alleged herein, together with judicial interest for all attorney's fees, and that the defendants bear all costs of these proceedings, and for all further legal, equitable, and general relief available. Plaintiff request trial by jury.

Respectfully submitted,

_____ June 30, 2017
Nathan Haynes Scott
Island of Algiers Tours, LLC
2901 Eton Street
New Orleans, Louisiana 70131
(504) 451-7163
(504) 442-0253
islandofalgierstours@yahoo.com

PLEASE SERVE:
Jared E. Munster
1300 Perdido St. 7th Floor
New Orleans, LA 70112

Wesley Pfeiffer
1300 Perdido St. 7th Floor
New Orleans, LA 70112

Terrence Wimberly
1300 Perdido St. 7th Floor
New Orleans, LA 70112

Sherri Peppo
1000 Howard Ave. Suite 500
New Orleans, LA 70113

Chief Michael S. Harrison
Superintendent of Police
P. O. Box 51480
New Orleans, LA 70151